Fowler & others *v.* Thayer.

WELLS FOWLER & others *vs.* LUCIUS F. THAYER.

Where a case is referred to arbitrators, to report a statement of facts for the consideration of the court, they have no authority to admit the parties as witnesses.

Whether, in this state, joint disseizors, entering without title, or color of title, are joint tenants, or tenants in common, — *quære.*

THIS was an action of trespass *quare clausum fregit,* brought by Wells Fowler, John Fowler and Charles Fowler, three out of five of the heirs at law of Porter Fowler, and Luke Bush and Seth Bush, residuary devisees of Asahel Bush; and was submitted to referees, with the agreement "that the duties of the referees shall be confined to reporting a statement of facts, and that the case shall be presented to the court upon that report as an agreed statement of facts, the court to draw such inferences as should be properly drawn from the facts so reported."

The referees, having met the parties, and heard their respective proofs and allegations, reported the facts substantially as follows, so far as they are material to the understanding of the opinion of the court: —

Porter Fowler and Asahel Bush, in 1814, entered upon the land in controversy, and enclosed, cultivated and depastured

it for two or three successive years. In 1817, or about that time, part of the fence was removed, and the rest of the fence suffered to go to decay; and no subsequent acts of ownership were shown to have been performed by Porter Fowler, or by his heirs since his decease, which took place about 1825. Asahel Bush survived him some years, and died leaving a will sufficient to pass the estate of which he died seized, and in which the lot in question was not specifically devised. Asahel Bush, during his lifetime, occasionally cut and took from the lot a few loads of poles for fencing. The plaintiffs proved the cutting and drawing of two loads from the easterly part of the lot, by the defendant, which was the act charged in the plaintiffs' declaration; but the witness was unable to fix the time of such cutting. Two of the plaintiffs were thereupon permitted by the referees, the defendant objecting, to testify to the time of the transaction, showing it to have been immediately preceding the date of the writ.

As the court ultimately decided the case on the ground that the trespass charged was not legally proved, it is unnecessary to set forth the title under which the defendant justified; or the arguments of counsel, which were presented in writing, mainly on the comparative merits of the plaintiffs' and defendant's titles, by *W. G. Bates*, for the plaintiffs, and *P. Boise*, for the defendant.

SHAW, C. J. This is an action of trespass upon land, and depends upon the question of legal title. The evidence of title shown by either party is very slight; but slight as it is, that which is sufficient to turn the scale must prevail.

The plaintiffs claim to be tenants in common, on the ground that their predecessors, Porter Fowler and Asahel Bush, entered upon the land in controversy, and enclosed, cultivated and depastured it for two or three years, successively, without deed or other apparent title, or color of title.

This being trespass for a violation of the plaintiffs' right of possession, and as there was no possession shown on the part of the Fowlers, except the possession which follows the right of property, if they prove no title to the property, they cannot maintain trespass, and are not rightly joined as plaintiffs in this action.

Fowler & others *v.* Thayer.

The argument on the part of the defendant is, that the only color of title, shown by the plaintiffs' predecessors, was by disseizin, by an entry *in pais*, and continuing some time in possession, without deed given by them to another, or by another to them, which might be supposed to qualify such disseizin; that such joint disseizin constituted a joint tenancy at common law, not affected by the statute (Rev. Sts. *c.* 59, § 10), giving to conveyances and devises of land to two or more jointly, the effect of making them tenants in common; so that upon the death of Porter Fowler, his legal interest as joint tenant vested in Bush, and no title descended to his heirs. One answer intimated in the able argument of the plaintiffs is, that if this objection is valid, it would apply in all cases, where a plaintiff claims without deed, so that if one die seized, and his children, and the children of a deceased child, relying on his and their possession, should join in a suit, they must be defeated, having no deed to prove them tenants in common. This answer we cannot consider satisfactory. In the case supposed, the children and grandchildren would claim, not by disseizin, but by descent; and on proving the seizin and death of their ancestor, and the fact of their being such children and grandchildren, the statute makes them tenants in common in equal shares. Rev. Sts. *c.* 61, § 1.

But the court have not thought it necessary to express an opinion upon this question, because there is another ground for decision, more simple, perhaps, and quite decisive.

It appears that the parties had submitted their case to referees, to report a statement of facts, in order to present the questions of law, which might arise in the case, to the court, without the intervention of a jury, under an agreement that the duty of the referees should be confined to reporting a statement of facts.

In order to prove a fact, material to the plaintiffs' case, the referees, against the objection of the defendant, admitted two of the plaintiffs themselves to testify. It is not contested, that in an action of trespass to land, the parties are incompetent witnesses. But it was insisted, that referees have an

10 *

extraordinary power, and may at their discretion receive such evidence as they think proper; and the case of *Fuller* v *Wheelock*, 10 Pick. 135, was relied on. Nothing is more likely to mislead than the identity of terms, when used in different senses. Suppose it were true, that referees, or arbitrators, constituted judges by the parties, as well in regard to questions of law as to questions of fact, with power to hear and determine on the rights of the parties, in any reasonable manner, legal or equitable (a proposition to be taken with some qualification), it would not follow, that these referees had that authority. They are expressly limited to the duty of reporting a statement of facts, restraining them from deciding on any questions of law. It was for the purpose of presenting the case to the court, on the same grounds, as upon a special verdict, and a special verdict must be upon strictly legal evidence. The court are of opinion that the testimony of the plaintiffs ought not to have been admitted, and that the fact proved by it must be stricken out. Without it, there is no proof of the trespass charged, and the defendants are entitled to judgment.